PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID DONADEO, ) | |
| ) | CASE NO. 1:22CV1328 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Pending is *Pro Se* Petitioner David Donadeo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(ECF No. 1). Petitioner was released from FCI Elkton in 2020 and is currently on supervised release. In the Petition, Donadeo asks the Court to apply sentencing credits pursuant to the First Step Act to his sentence or to compel the Bureau of Prisons ("BOP") to do so.

**I. Standard of Review**

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See*

(1:22CV1328)

*Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" any habeas corpus petition which lacks merit on its face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* Upon review, the Court finds that the instant Petition (ECF No. 1) must be dismissed without prejudice.

*Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted)). This principle of liberal construction applies to petitions for a writ of habeas corpus. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## II. Analysis

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But, federal prisoners must exhaust their administrative remedies before filing a § 2241 habeas petition. *See Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) ("It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Graham v. Snyder*, 68 Fed.Appx. 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981)).

(1:22CV1328)

The exhaustion requirement applies equally to § 2241 petitions sought in connection with the First Step Act. See *Washington v. Bureau of Prisons*, No. 1:19CV1066, 2019 WL 6255786, at *3 (N.D. Ohio July 3, 2019) (agreeing "with the sound reasoning of other district courts that Petitioner must first exhaust his administrative remedies before bringing a § 2241 petition, and that the provisions of the First Step Act do not alter this requirement or render the requirement futile[,]" and recommending dismissal of petition without prejudice on this and other bases) (collecting cases), *report and recommendation adopted*, No. 1:19CV1066, 2019 WL 6251777 (N.D. Ohio Nov. 22, 2019). Petitioner must first pursue good time credit calculation with the BOP, and if he disagrees with its decision, only then can he petition the court to examine the matter. See *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996) ("[I]t is settled law that this issue is not ripe for review until the [BOP] has ruled on a defendant's request for credit."); *Tillman v. United States*, No. 4:19CV2357, 2021 WL 1878311, at *1 (N.D. Ohio March 8, 2021).

Here, Donadeo does not allege, nor can the Court infer from the allegations in the Petition, that he has exhausted his administrative remedies with respect to his claims for relief. Indeed, it appears that Petitioner may be alleging that he has not exhausted his administrative remedies in that he claims that his petition is not subject to exhaustion requirements and he is "free to proceed on the merits." ECF No. 1 at PageID #: 3.

### III. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243.

(1:22CV1328)

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|   October 31, 2022   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson<br>United States District Judge |